**GOLDBERG & OSBORNE, LLP**
3052 East Broadway Boulevard
Tucson, AZ 85716
Phone: (520) 620-3935
Facsimile: (520) 620-3993
Lisa M. Kimmel, Esq.
State Bar #015488/PCC #64940
minutes@1800theeagle.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Ramona Leticia Carrera, Special Administrator of the Estate of Estela Shirley,<br><br>    Plaintiff,<br><br>Vs.<br><br>United States of America, a body politic, El Rio Foundation, Inc. dba El Rio Health; And John Does And Jane Does 1-10, Married Couples, Abc Partnerships 11-20 And/Or Xyz Corporations 21-30, Fictitious Entities,<br>    Defendants. | No<br><br>**Complaint**<br><br>Hon. |

Plaintiff Leticia Carrera, appointed by this court in Cause Number PB20181183 as administrator of the Estate of Estela Shirley, for her claim against the Defendants, alleges:

## ALLEGATIONS COMMON TO ALL COUNTS

1. This action arises under the Federal Tort Claims Act, 28 USC §§2671 et seq. This Court has jurisdiction pursuant to 28 USC § 1346(b).

2. Plaintiff Leticia Carrera is a resident of Tucson, AZ.

3. Plaintiff Leticia Carrera brings these causes of action for injuries, pain, and

1

suffering, and other economic and non-economic damages sustained by Plaintiff, Estela Shirley, which resulted from the acts and omissions of Defendants and their agents and employees.

4. Defendant United States of America, a body politic, owns, operates and/or otherwise controls the El Rio Health Care facility located in Tucson, Arizona.

5. Defendant El Rio Foundation, Inc. ("El Rio") is an Arizona corporation doing business within the State of Arizona and is the licensee of the facility.

6. Upon information and belief, Defendant El Rio is a non-profit corporation with its principal place of business at 450 W. Paseo Redondo, Tucson, AZ 85701.

7. The actions alleged in this Complaint occurred in Pima, Arizona.

8. Jurisdiction and venue are proper in this Court.

9. At all times mentioned, Estela Shirley was an incapacitated and vulnerable adult pursuant to Arizona Protective Services Act (APSA) as set forth in A.R.S. §46-451, *et. seq.*  Estela Shirley was unable to conduct her own affairs and met the definition of a person of unsound mind pursuant to A.R.S. § 12-502.  Therefore, her statute of limitations was tolled until her disability was removed which would have been upon the appointment of the special administrator on September 14, 2018.

10. Plaintiff served a Form 95 upon US Department of Health and Human Services on or about June 21, 2019. On November 12, 2019, the US Department of Health and Human Services denied the claim indicating a lawsuit should be filed within six (6) months since the date of the letter.  Therefore, this action is timely and within

statute of limitations.

11. All Defendants identified as husband and wife were at all times mentioned herein married to each other and were acting in furtherance of their marital community. At the present time the true name of any spouse identified as John Doe or Jane Doe is unknown to Plaintiffs, who therefore sues this Defendant by such fictitious name and will seek to amend this complaint when the true name of such spouse is ascertained.

12. All Defendants identified as corporations or other such entities were at all times mentioned herein acting by and through officers, employees, agents and contractors, who were acting within the course and scope of their employment and authority, such that these corporations or other such entities are bound by, and vicariously liable for, the conduct of their officers, agents, employees, and contractors. Such corporations or other such entities also are directly liable for their own negligence, recklessness and other tortuous conduct in the hiring and supervision of the officers, employees, agents, and contractors whose conduct gives rise to this action.

13. Defendants John and Joe Does I-10, ABC Partnerships 11-20, and XYZ Corporations 21-30, are those persons and entities whose relationship to the named Defendants of whose acts or omissions give rise to legal responsibility for the damages incurred by Plaintiff, but whose true identities are at the present time unknown to Plaintiff. These persons and entities hereby are notified of Plaintiff's intention to join them as Defendants if and when additional investigation or

discovery reveals the appropriateness of such joinder.

14. Plaintiff hereby demands a jury trial of this matter.

15. At all times pertinent all Defendants held themselves out as competent and qualified in providing and administering health care to the public and to decedent, Estela Shirley, and willing to comply with the appropriate standard of care for health care providers in their respective fields and were acting together as an enterprise as defined in A.R.S. § 46-455.

16. Plaintiff was a patient of El Rio on or about July 13, 2016.

17. At all times mentioned herein, El Rio was the employer of all those persons who attended Estela Shirley while she was a patient at said facility, all of whom were acting in the course and scope of their employment.

18. During the time Estela Shirley was a patient at El Rio, their employees knew and had reason to know that Plaintiff was incapacitated and vulnerable adult, as those terms are defined in A.R.S. § 46-451.

19. At all times mentioned herein, Defendants held themselves out as being qualified to provide health care services.

20. At all times mentioned herein, Defendants had a duty to provide for the care and safety of patients, particularly patients who were impaired and in need of special precautions for their safety, by providing each resident with adequate supervision, assistance, nursing, and medical intervention to prevent injury.

21. On or about July 13, 2016, Estela Shirley was a patient at El Rio and was placed under the care of Defendant and its employees.

4

22. Ms. Shirley was brought to El Rio on July 13, 2016 by her granddaughter, Erica Carrera, because she had injured her left ankle when it got caught in her home hospital bed.

23. While at the clinic Ms. Shirley was placed on a standing scale, despite the fact that she had Parkinson's disease and was wheelchair bound. Estela Shirley slid to the ground, further injuring her left leg. El Rio called an ambulance and had Ms. Shirley transported to the emergency room.

24. Ms. Shirley's leg did not heal and as a result of the fall she required an above the knee amputation to her left leg.

25. Defendant and its employees had a duty provide reasonable care to her as defined by the provisions of law and standard of care described herein.

26. Among the duties Defendants and their employees owed to Ms. Shirley was the duty to provide reasonable and appropriate health care services in accordance with recognized standards of care.

27. Among the duties Defendants and their employees owed to Estela Shirley was the duty to employ and train sufficient nurses, nursing assistants, and other personnel to provide adequate care for Ms. Shirley at the facility.

## COUNT ONE

(Elder Abuse/Neglect)

(Violation of A.R.S §§ 46-454 & -455 by Defendants)

28. All allegations set forth above are incorporated by reference as if fully set forth herein.

29. At all times mentioned, Estela Shirley was a vulnerable and incapacitated adult pursuant to A.R.S. § 46-451.

30. At all times herein mentioned, El Rio was a licensed medical facility owned and operated by Defendants, and had duties and responsibilities to provide adequate care to Plaintiff as stated above.

31. Defendants were negligent in the operation of their facility, breached their duties to Plaintiff, which caused Plaintiff injuries and damages.

32. Based on the foregoing allegations, Defendants and their employees had a reasonable basis to suspect that Plaintiff was a victim of abuse or neglect, as defined by A.R.S. § 46-451 et seq.

33. Defendants and their employees did not report that Plaintiff was a victim of neglect, as required by A.R.S. § 46-454.

34. The above-described breaches, abuse, and neglect proximately caused injuries and damages to Plaintiff.

## COUNT TWO

(Negligence)

35. Allegations contained herein are incorporated by reference.

36. At all times pertinent, Defendants owed a duty to exercise reasonable care in treating and providing care to Estela Shirley.

37. Defendants breached their duty of due care to Plaintiff. Such breach constitutes negligence.

38. Defendants' negligence was the direct and proximate cause of Plaintiff and

6

Plaintiff's injuries.

39. As a result of Defendants' negligence, Defendant is liable to Plaintiff for damages.

## COUNT THREE

(Negligent Hiring and/or Supervision)

40. All allegations set forth above are incorporated by reference as if fully set forth herein.

41. Defendants had a duty to reasonably hire, direct, instruct, and supervise its employees, agents, and representatives.

42. Defendants were negligent in failing to properly hire, train and/or supervise its employees and/or to ensure that they adhere to applicable laws, regulations, and standards of care.

43. As a result of failing to properly hire, train and/or supervise its employees, Estela Shirley sustained injuries and damages.

44. Breaches of these duties by one or more Defendants caused damages to Plaintiff.

**Wherefore,** Plaintiffs pray for the following:

Plaintiffs pray for Judgment against all Defendants, jointly and severally, and each of them, for:

A. Compensatory damages, in reasonable and appropriate amount awarded to the Plaintiffs for the injuries and damages sustained by Plaintiff;

B. Medical bills, past and future, pain and suffering, and other damages;

C. Damages awarded to the Plaintiff in a reasonable and appropriate amount;

D. Plaintiff's costs and expenses in prosecuting this matter.

E.     For such further relief, orders and injunctions as the Court deems appropriate.

RESPECTFULLY SUBMITTED this 5th day of May, 2020.

                              GOLDBERG & OSBORNE

                              /s/ Lisa Kimmel_____
                              Lisa Kimmel

GOLDBERG & OSBORNE LLP
3052 E Broadway Blvd
Tucson, AZ 85716
(520) 620-3935